STEPHEN BENEDICT *vs.* JOHN PARMENTER & others & Trustee.

An assignment for the benefit of creditors, made by a citizen of another state, in that state, and valid by the laws of that state, holds property remaining in that state, as against a trustee process brought in this state by a citizen of that state against the assignee, who resides here.

HOAR, J.   It appears by the answer of Benjamin W. Hood, who is summoned as trustee in this action, that he was not indebted to the principal defendants, and had no goods or effects

Benedict *v.* Parmenter & others & trustee.

of theirs in his possession, except under an assignment in trust, to be appropriated, first to the payment of certain debts of the assignors in full, then to all other debts which should be presented and proved to the assignee within six months, and any surplus to the assignors. The plaintiff and defendants are citizens of Rhode Island, and the assignment was made in that state. It is established to our satisfaction, that this assignment was valid and effectual under the laws of Rhode Island.

The question then arises whether the trustee can be charged upon this state of facts; and the court are of opinion that he cannot. He took the property by a title indefeasible where the transaction took place. The property has never been brought under the jurisdiction of this commonwealth, and we are not aware of any obligation resting upon the assignee to bring it into this commonwealth for the purpose of enabling a citizen of Rhode Island to obtain a remedy which the laws of his own state would not give him. It was held, in *Fall River Iron Works* v. *Croade*, 15 Pick. 11, and more recently in *Zipcey* v *Thompson*, 1 Gray, 243, and *Boyd* v. *Rockport Steam Cotton Mills*, 7 Gray, 406, that such an assignment, made in another state, though it might be valid to pass the property in the state where it was made, would not be such an assignment of a debt due from a citizen of this commonwealth as to defeat an attachment, subsequently made, by a citizen of this commonwealth But in no case has it been held that an attachment by a citizen of the state where the assignment was made would be effectual against it, or that the residence of the assignee in this commonwealth could alter the nature of his title to the property conveyed to him for a specific and lawful purpose under another jurisdiction. The case of *Wales* v. *Alden*, 22 Pick. 245 is a decisive authority to the contrary. *Trustee discharged.*

*W. W. Blodgett,* for the plaintiff.

*C. B. Farnsworth & C. W. Thrasher,* for the trustee.